## ·WILLIS v. THE STATE.

HILL, J.  1.  A female witness can not be impeached by showing her lack of chastity, such lack of chastity not being a relevant fact in the case. *Smithwick* v. *Evans*, 24 *Ga.* 461.. Hence, on a trial for murder, there was no error in sustaining an objection on the ground of irrelevancy, when counsel for the accused sought, on ·cross-examination, to elicit from a witness testimony that she had been guilty of illicit sexual relations with several men. Nor did the rejection of the testimony become erroneous because the judge, of his own motion, gave as a further reason for rejecting it the rule of law that the witness could not be compelled to incriminate herself.

2.  The excerpts from the charge complained of in the second and third grounds of the amended motion, taken in connection with the general charge, are not open to the objection that the court did not go far enough and tell the jury that if they believed the contentions of the defendant they should acquit him, and that the court did not elsewhere in the charge so instruct them. The excerpts objected to were mere statements of certain contentions made by the accused, and the rules of law applicable to the issues and the evidence were fully and correctly stated in the general charge.

3.  The evidence in this case did not authorize a charge on the law of voluntary manslaughter.

4.  The evidence authorized the verdict; and the court did not commit error in overruling the motion for a new trial.                    ,

*Judgment affirmed.  All the Justices concur.*

MARCH 14, 1916.

Indictment for murder.  Before Judge Park.  Hancock superior court.  November 3, 1915.

*John R. Cooper,* for plaintiff in error.

*Clifford Walker, attorney-general, Joseph E. Pottle, solicitor-general,* and *Mark Bolding,* contra.