35172. ANSLEY *v.* THE STATE.

CARLISLE, J. 1. "On a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other." *Bacon* v. *State,* 209 *Ga.* 261 (71 S. E. 2d 615), and citations. Under that rule, it was error requiring the grant of a new trial for the trial court on September 21, 1953, on the trial of the defendant for the possession of non-tax-paid whisky in Thomas County on May 22, 1953, to permit the introduction in evidence by the State of the defendant's plea of guilty to an accusation charging him with the possession of non-tax-paid whisky on August 1, 1953, without showing some logical connection between the two of-

fenses such that the proof of the offense committed on August 1 tended to establish the offense alleged to have been committed on May 22. The introduction of the defendant's plea of guilty to the accusation in August did not illustrate any plan, scheme, or system which tended to establish the defendant's guilt of the offense in May.

2. Since the case must be remanded for a new trial, the other assignments of error are not considered.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MAY 25, 1954.

*A. J. Whitehurst,* for plaintiff in error.
*Marcus B. Calhoun, Solicitor,* contra.