36698. BAILEY *v.* THE STATE.

Carlisle, J. 1. Where, upon the trial of one charged with exceeding the speed limit, the solicitor, in his closing argument to the jury, states that the jurors know from general experience that when a man bails out and runs away from an automobile he has some whisky—that there is usually some whisky involved, when the defendant has not been charged with violating the liquor law and no evidence relating to whisky is introduced, and the defendant has not placed his

character in issue, such argument of the solicitor is subject to the objection that it improperly placed the defendant's character in issue (*Bacon* v. *State,* 209 *Ga.* 261, 71 S. E. 2d 615; *Ansley* v. *State,* 90 *Ga. App.* 212, 82 S. E. 2d 709), and improperly injected extrinsic, prejudicial facts, not raised by the evidence, into the case. *Ivey* v. *State,* 113 *Ga.* 1062, 1064 (39 S. E. 423, 54 L. R. A. 959). The trial court, consequently, erred in summarily denying the defendant's motion for a mistrial without taking any other action. Code § 81-1009.

2. Special ground 1, being of such nature as not likely to recur upon another trial, and the general grounds, are not now considered.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MAY 30, 1957.

*James E. Weldon,* for plaintiff in error.

*E. W. Fleming, Solicitor,* contra.

Charles Bailey was tried and convicted under an accusation charging him with unlawfully operating an automobile on the public streets and highways of Troup County in excess of 75 miles per hour in a 50-mile-per-hour zone. He was sentenced to 12 months "in the penitentiary" but allowed to serve the sentence on probation on the payment of a $500 fine and the surrender of his driving license for a term of six months. His motion for new trial, based on the usual general grounds and three special grounds, was denied, and he assigns error on that judgment. In special grounds 2 and 3 of the motion for new trial, error is assigned on an improper argument of the solicitor for the reason assigned in special ground 2 that it placed the defendant's character in issue when he had not elected to do so, and in special ground 3 that this argument injected extrinsic, prejudicial facts into the case of which there was no evidence. The gist of the alleged errors is shown by the following quotation from these grounds as to what occurred upon the trial:

"During the argument to the jury by Mr. Fleming [the solicitor], Mr. Weldon [counsel for the defendant] objected to the statement by the solicitor about any whisky, since the defendant is charged only with the offense of speeding. The Court: 'What

was the statement of the solicitor to the jury?' Mr. Fleming: 'I am arguing that I and the jurors know from general experience when a man bails out and runs from an automobile he has some whisky, there is usually some whisky involved and I think the jurors can draw from their experience.' The Court: 'Go ahead.' Mr. Weldon: 'I want to move for a mistrial.' The Court: 'Overruled'."

Counsel for the defendant in his brief gives the following summary of the evidence adduced on the trial, which the solicitor concedes is correct: "Mack Smith, Deputy Sheriff of Troup County, testified that he and Deputy Hanson were parked on a little street between Hill and Bacon Streets in front of a garage when a Ford came up Bacon Street. He stated that Charles Bailey was in the car and when he saw them Charles Bailey took off and they [the two deputies] took off behind him, claiming that they were going approximately 75 miles per hour and later got up to 100 miles per hour . . . that they went on out the Young's Mill Road and ran off the pavement onto a dirt road. That the dust got so bad they had to slow down and later [they] found the Ford stopped with Charles Bailey sitting there and the other person who was in the car had jumped out and run away. The deputy further stated that he did not recognize one of them and could not testify whether he was a white man or a negro. Charles Bailey did not make any effort to leave the car. He further stated that Charles Bailey could have left the car but was sitting under the steering wheel trying to get the car started. He further testified that the car was conked out and had to be pulled in by a wrecker . . . [as] the motor was locked. He further stated that the other man [who had jumped out and run away] was supposed to be sitting on the right-hand side of . . . the automobile, which is the side next to the street . . . [on which] the deputies were parked, and Charles Bailey was on the other side of this man." (Brackets added by the court).

The defendant denied every material fact stated by the deputy sheriff.