## 50670. HUFF v. THE STATE.

EVANS, Judge.

Defendant was convicted on two counts of aggravated assault. The indictment charged him with shooting two separate victims with a pistol. He was sentenced to serve ten years on each count, the second count to be served consecutively. *Held:*

1. There was direct evidence by witnesses who saw defendant shoot the two victims with a pistol. The general

grounds of motion for new trial are without merit because it was the function of the jury to determine whether they would believe the evidence offered by the state or that offered by the defendant.

2. Defendant contended the shooting as alleged in the first count was authorized because it was in self-defense, and that the shooting alleged in the second count was an accident. Defendant contended that Code § 38-109 as to the exclusion of every other reasonable hypothesis should have been applied in his case. But, that statute relates to circumstantial evidence. Here there was direct evidence of defendant's misconduct, to wit, shooting two different persons. See *Bowen v. State,* 181 Ga. 427, 428 (4), 429 (182 SE 510).

3. Exhibition of a victim's wound for the purpose of showing where and at what angle the bullet entered his body was proper and relevant, although damaging to the defendant. See *Wagoner v. State,* 52 Ga. App. 379, 381 (183 SE 209); *Stembridge v. State,* 82 Ga. App. 214, 218, 220 (60 SE2d 491).

4. Multiple sentences shall run concurrently unless expressly provided therein. See Code Ann. § 27-2510. The jury fixed the punishment at 10 years as to each count and the second count to be served consecutively, and the court then sentenced the defendant accordingly. Under Ga. L. 1974, pp. 352, 354 (Code Ann. § 27-2502) effective March 20, 1974, the judge and not the jury passes sentence after a determination of guilt. This crime was committed in May, and the trial was in September, 1974; therefore, the jury had no jurisdiction as to sentence. The defendant complains of the consecutive nature of the two ten-year sentences in his enumerations of error. After the jury returned with this sentence, the court addressed the defendant, informed him of what the jury had decided and said, "I am *therefore* sentencing you" to two ten-year terms to be served consecutively.

Thus, the trial judge, by this language, left it beyond peradventure that he was moulding his sentence and was being guided therein by the decision of the jury to serve the two ten-year sentences consecutively. This was error, because the discretion as to whether the sentences were served concurrently or consecutively resided entirely and

solely within the breast of the trial judge, unaffected and uninfluenced by any recommendation of the jury in such respect.

5. The remaining error concerns the presentencing stage. Since the case is reversed and remanded for the court to sentence the defendant, no further review of this case is necessary.

*Judgment reversed as to the sentence only. Deen, P. J., and Stolz, J., concur.*

SUBMITTED APRIL 30, 1975 — DECIDED JUNE 16, 1975 —

*Robert Bearden*, for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Thomas H. Hinson, Assistant District Attorneys,* for appellee.

