30220. SMITH v. THE STATE.

Jordan, Justice.

Melvin D. Smith appeals from his convictions of armed robbery, aggravated assault, carrying a pistol without a license, and carrying a concealed weapon, and from the sentences imposed thereon.

The evidence showed the following: The female victim of the robbery and her male companion were

walking on Forsyth Street in Atlanta at about 9:30 p.m. on November 24, 1974. A man (later identified as the appellant) grabbed the victim from behind by the collar of her jacket, pulled her back and started pulling at her purse, telling her to drop it. She continued to hold her purse and stepped back. Her companion pulled a knife out of his pocket; simultaneously the appellant pulled out a pistol, and again told her to drop her purse. The appellant fired the pistol in between her and her companion, and she then dropped her purse. The appellant picked up the purse and ran. A policeman in a patrol car was traveling on Forsyth Street at the time and saw the appellant, with a pistol in his hand, grabbing the victim's purse, and heard the shot fired. He pursued the appellant in his police vehicle, and caught up with him in a vacant lot. The appellant still had the pistol in his hand and the purse under his arm. He fired a shot in the direction of the policeman before surrendering.

1. There was ample identification of the pistol and cartridges, and it was not error as contended to overrule the objections to this evidence.

2. Enumerated error 3 contends that the court erred in sustaining the state's objection to certain arguments to the jury by the appellant's counsel.

(a) Counsel for the appellant, on cross examination of the victim's companion, ascertained that he and the victim lived at the same apartment. In his argument to the jury he referred to this fact, and stated: "They're not married, but they're in the same apartment. Can you imagine? That's the kind of witnesses they're bringing in. Unmarried people out there living together in the same apartment."

The law has regard to the rights of witnesses as well as those of the parties litigant. Code § 38-1704; *Andrews v. State,* 118 Ga. 1, 4 (43 SE 852).

Witnesses cannot be impeached by showing their lack of chastity where this bears no relevance to the case. *Johnson v. State,* 61 Ga. 305 (2); *Willis v. State,* 144 Ga. 831 (1) (88 SE 208); *Edwards v. State,* 55 Ga. App. 187 (189 SE 678). It was, therefore, improper argument to infer that these witnesses were not worthy of belief because they were living in the same apartment while unmarried.

The trial judge did not err in sustaining the state's objection to this improper argument.

(b) Counsel for the appellant argued to the jury that the appellant had a right to use his gun to protect himself because the victim's companion had pulled out a knife.

This was a gross misstatement of the law as applied to the evidence in the case. The appellant was attempting to commit a felony at the time the victim's companion pulled out his knife. Under these circumstances the appellant was not legally justified in using a weapon to defend himself. Code Ann. § 26-902 (b 2) (Ga. L. 1968, pp. 1249, 1272). It was not error to sustain the state's objection to this argument.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 8, 1975 — DECIDED OCTOBER 1, 1975.

*Jack Dorsey,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Arthur K. Bolton, Attorney General, Harrison Kohler,* for appellee.