## 30385. SHEFFIELD v. THE STATE.

JORDAN, Justice.

Appellant was indicted and convicted of murder, arson in the first degree, aggravated battery and aggravated assault, receiving a sentence of life, two sentences of twenty years, and one sentence of ten years, respectively, all to run consecutively. Appellant's motion for new trial was overruled, and he now appeals.

1. Appellant contends that the trial court erred in trying him under one indictment while another indictment for the same offenses was pending. Appellant was tried and convicted under only one indictment, the other being nol prossed at the conclusion of appellant's trial.

The record discloses that appellant made no objection to the indictments before or during the trial. A demurrer to the indictment, motion to quash or plea in abatement must be entered before trial. Code Ann. § 27-1601; *Peppers v. Balkcom,* 218 Ga. 749 (130 SE2d 709) (1963); *Burns v. State,* 191 Ga. 60 (11 SE2d 350) (1940). Appellant therefore waived any alleged defects by going to trial under the indictment without complaint. *Peppers,* supra, p. 751.

2, 3, 5. Appellant complains of evidence he claims was improperly admitted by the trial court although at no

time during the trial did he object. The failure to object at trial to the admission of evidence precludes the objection on review. *Clenney v. State,* 229 Ga. 561 (3) (192 SE2d 907) (1972); *Roberts v. State,* 228 Ga. 298 (185 SE2d 385) (1971); *Joyner v. State,* 208 Ga. 435 (67 SE2d 221) (1951).

4. Appellant enumerates as error the fact that he was questioned while in custody of the police before being given his rights under Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1965).

Appellant was taken into custody at his home, and only after arriving at the police station did he receive his Miranda rights. However, appellant is complaining of a harmless error since no confession or other incriminating evidence stemming from the failure to apprise him of his rights was used against him at trial. Under Miranda a criminal defendant's remedy for a violation of his Fifth Amendment rights is the exclusion from trial of any evidence obtained from him during his illegal detention. As the Supreme Court stated, "The constitutional issue we decide . . . is the admissibility of statements obtained from a defendant questioned while in custody . . ." Miranda, supra, p. 445.

Since no statement obtained from appellant while in custody was offered into evidence, any error in the timely giving of Miranda rights was harmless. See *Atkins v. Martin,* 229 Ga. 815 (194 SE2d 463) (1972).

6. After the jury verdict of guilty on all four counts, the jury returned a sentence of life imprisonment for the murder, and the trial judge imposed two twenty-year sentences for arson and aggravated battery and a ten-year sentence for aggravated assault, all to run consecutively. Appellant contends that only the jury may decide whether sentences are to be served consecutively or concurrently, relying on *Wade v. State,* 231 Ga. 131 (200 SE2d 271) (1973).

In 1974, Code Ann. § 27-2534 was repealed and Code Ann. § 27-2502 was amended so as to provide that a person convicted of a misdemeanor or felony shall have his sentence fixed by the trial judge except in cases in which life imprisonment or capital punishment is imposed. In view of the fact that the trial judge, rather than the jury, now prescribes the sentence to be served in cases where

life imprisonment or capital punishment is not imposed, we conclude that under Code Ann. § 27-2510 sentences under a multi-count indictment shall be served concurrently unless otherwise provided in the sentence of the trial judge. See *Huff v. State,* 135 Ga. App. 134 (217 SE2d 187) (1975).

Appellant's trial was conducted after this change in the law, giving the trial judge authority to prescribe consecutive sentences, which he did.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 3, 1975 — DECIDED OCTOBER 28, 1975.

*James R. McGraw,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler,* for appellee.