## 54450. CARVER v. THE STATE.

DEEN, Presiding Judge.

1. The defendant was convicted of aggravated assault in slashing the throat and dangerously wounding the victim who had entered his apartment with a woman who had been there earlier in the day and who had

returned for her pocketbook. The victim and the only other eyewitness present testified that there was no quarrel and they did not know why the attack was perpetrated. The defendant did not testify; according to a police officer he had made a previous statement that he quarreled with the victim because the latter would not leave the apartment when requested to do so. The evidence, construed in its light most favorable to uphold the verdict, was ample. *Huff v. State,* 135 Ga. App. 134 (1) (217 SE2d 187).

2. The court held a hearing on the admissibility of certain statements of the defendant to the arresting officers that he had cut the victim's throat with a knife because the latter had refused to leave his apartment. He then ruled that "the defendant was advised of his constitutional rights as required by the Miranda ruling and the statements [were] made freely and voluntarily." This finding is supported by evidence, and the incriminatory statement was properly admitted in evidence. *Brazell v. State,* 140 Ga. App. 340 (231 SE2d 105).

3. The defendant contends that the jury was improperly coerced into agreeing upon a verdict of guilty, and introduced testimony of a juror who changed her vote after renewed instructions by the trial judge. Jurors may not, of course, impeach their verdict (*Bowman v. Bowman,* 230 Ga. 395 (2) (197 SE2d 372)), but in point of fact we do not find that the juror's testimony did so. Asked: "Did you feel like you understood from what the judge told you that you didn't have to agree with everybody else?" She replied: "Yes, sir. I don't remember the judge's words specifically. All I can tell you is the impression I got," which was that she was the only hold-out and "in declaring a mistrial the man would just have to stand trial again. And that it wouldn't do any good for me to hold out." From the colloquy as a whole it appears that the turning point in the deliberations came as the result of a question as to length of punishment, and the court's response that the jury was to interest itself only in the question of guilt or innocence, not length of sentence. The charge did not constitute reversible error. *Mills v. State,* 140 Ga. App. 192 (3) (230 SE2d 317).

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 7, 1977 — DECIDED SEPTEMBER 30, 1977 — REHEARING DENIED OCTOBER 19, 1977 — 

*J. Greg Wolinski, Dennis J. Strickland, Sr.,* for appellant.
*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.