## 55458. RESPESS v. THE STATE.

BANKE, Judge.

The appellant appeals his convictions for three counts of rape and one count of kidnapping.

1. The contention that the evidence was insufficient is without merit. The victim positively identified the appellant as the man who had abducted her at gunpoint while she was walking home from a basketball game one night accompanied by two friends. She stated that she was held for approximately five hours until early the following morning and was raped three times during that period. Her testimony was corroborated by the two friends, who witnessed her abduction and immediately reported it, as well as by her own conduct in reporting the rapes immediately upon her release. Also a pistol taken from the appellant upon his arrest was identified by the victim as the weapon which had been used by her assailant.

2. There is also no merit in the contention that the

victim's in-court identification of the appellant was tainted by her prior identification of him at a preliminary hearing at which he was the only black male present. Considering the great length of time that she had spent with her assailant, the accuracy of the description which she had given to the police, and her ready identification of him at the hearing, we do not believe that the preliminary hearing gave rise to a substantial likelihood of irreparable mistaken identification or that it otherwise violated the appellant's due process rights. See Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972); *Yancey v. State,* 232 Ga. 167, 169 (205 SE2d 282) (1974). In any event, the appellant made no objection to the in-court identification at trial, which forecloses review of the matter on appeal. See, e.g., *Sheffield v. State,* 235 Ga. 507, 508 (220 SE2d 265) (1975); *Clenney v. State,* 229 Ga. 561 (3)(192 SE2d 907) (1972).

3. The appellant contends that the evidence demanded a finding that he was insane at the time the crime was committed. Although there was a strong indication that this may have been the case, the state produced a psychiatrist who had examined the appellant and who testified that, although mentally retarded and epileptic, the appellant did know right from wrong at the time of the examination and "probably" knew right from wrong at the time the crime was committed. With the evidence thus in conflict, the issue of insanity was a factual one to be resolved by the jury. See generally *Searcy v. State,* 233 Ga. 165 (1) (210 SE2d 701) (1974); *Hulsey v. State,* 233 Ga. 261 (1) (210 SE2d 797) (1974).

4. It was not error to allow testimony linking the appellant to the prior robbery of an institution called Security Federal. The victim testified that she had told her friends when they first noticed the appellant that he looked like "the guy that held up the Security Federal." Her friends reported this statement to police soon afterwards; and, as a result, the appellant was arrested early the following morning by the same policeman who had previously arrested him at the scene of the Security Federal robbery. "When one is on trial charged with the commission of a crime, proof of a distinct, independent, and separate offense is never admissible, unless there is

some logical connection between the two, from which it can be said that proof of the one tends to establish the other. This is the general rule, but there are some exceptions to it: as when the extraneous crime . . . may bear upon the question of the identity of the accused. . ." *Cox v. State,* 165 Ga. 145 (139 SE 861) (1927); *State v. Luke,* 232 Ga. 815, 816 (209 SE2d 165) (1974). Since the testimony linking the appellant to the Security Federal robbery was admitted solely for the purpose of showing how he came to be arrested, it was not error to overrule the objection to it.

5. A pistol and a clip of bullets found on the appellant at the time of his arrest were properly admitted as the fruit of a lawful arrest. The arresting officer testified that he made the arrest not only because of the victim's statement that her assailant looked like the Security Federal robber, but also because the defendant matched the description given to police by the victim and her friends. The arrest took place on the street at 5:30 a.m., only a very short time after the victim had been released. Under these circumstances, it cannot seriously be maintained that probable cause for the arrest was lacking. Furthermore, the appellant made no motion to suppress the evidence in the court below, as required to preserve such an issue on appeal. See Code Ann. § 27-313; *West v. State,* 120 Ga. App. 390 (1) (170 SE2d 698) (1969); *Wilson v. State,* 126 Ga. App. 145 (1) (190 SE2d 128) (1972).

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED MARCH 1, 1978 — DECIDED APRIL 4, 1978.

*Collins, Collins & Wansley, Lawrence C. Collins,* for appellant.

*W. Donald Thompson, District Attorney, Charles H. Weston, Thomas J. Matthews, Assistant District Attorneys,* for appellee.