## 61554. MILLER v. THE STATE.

McMurray, Presiding Judge.

The defendant was indicted, tried and convicted of two counts of armed robbery in taking sums of money from two bailees of a bank by intimidation and by use of a pistol, an offensive weapon. He was sentenced to serve 18 years concurrently as to each count. Defendant's motion for new trial was thereafter denied, and he appeals. *Held:*

The first enumeration of error is that the trial court erred in admitting the in-court identification of defendant at trial for reasons of undue suggestiveness and prejudice. The reliability of any identification procedure requires the determination of whether it was in any way tainted by an illegal pre-trial show-up or line-up or by the use of photographs. In such situations the court should consider the totality of the circumstances and determine first if the procedures were impermissibly suggestive, and if so, did that procedure give rise to a substantial likelihood of irreparable misidentification. See in this connection *Gravitt v. State,* 239 Ga. 709, 710 (4) (239 SE2d 149); *Daniel v. State,* 150 Ga. App. 798 (1), 799 (258 SE2d 604); *Yancey v. State,* 232 Ga. 167, 168 (205 SE2d 282); Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401).

The defendant contends that here the record reveals noncertainty on the part of the witnesses at confrontation, divided attention, a short time span for recognition (probably five minutes), and that the in-court identification was the result of police conduct which was unnecessarily suggestive and therefore conducive to irreparable misidentification. However, at no time during the examination and cross examination of the witnesses was any objection interposed to the admission of the in-court identifications by the witnesses. Consequently, any objection which could have been raised was waived by the defendant here by and through his counsel. It is well settled in this state that it is too late to urge objections to the admission of evidence after it has been admitted without objection. See *Sisson v. State,* 141 Ga. App. 559 (1) (234 SE2d 146); *Abrams v. State,* 144 Ga. App. 874 (1) (242 SE2d 756). There is no merit in this complaint. However, in consideration of the general grounds of defendant's motion for new trial by reason of the insufficiency of the evidence, we still have for decision whether the in-court identification was proper and therefore established the corpus delicti with reference to this defendant as to his identification by several witnesses.

After careful examination of the evidence with reference to identification of this defendant as committing the crime as well as his

conflicting evidence with reference to alibi, and after reviewing the entire record and transcript we find and so hold that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of the guilt of the defendant beyond a reasonable doubt of the offenses of armed robbery. *Jones v. State,* 154 Ga. App. 806, 807 (1) (270 SE2d 201); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628); *Stinson v. State,* 244 Ga. 219, 222 (4) (259 SE2d 471). The trial court did not err in denying the defendant's motion for new trial for reasons of insufficiency of the evidence to authorize a conviction.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED MARCH 16, 1981.

*Dwight L. Thomas,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, A. Thomas Jones, Assistant District Attorneys,* for appellee.