## 61538. SHERIFF v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of three counts of burglary.

1. Appellant enumerates as error the denial of his motion for an appeal bond. The hearing and the ruling of the trial court on this issue was in accord with the standards prescribed in *Birge v. State,* 238 Ga. 88 (230 SE2d 895) (1976). *Jackson v. State,* 153 Ga. App. 462, 464(5), (265 SE2d 368) (1980). The factual conclusions reached by the trial court were authorized by the evidence presented at the hearing and support the conclusion that appellant should be retained in custody. *Royals v. State,* 155 Ga. App. 389 (270 SE2d 908) (1980). There was no error.

2. The assertion that no hearing was held and no ruling was made on appellant's motion to suppress is refuted by the record. Accordingly, arguments that there was a procedural non-compliance with Code Ann. § 27-313 are without merit.

3. It is urged that the trial court erred "by allowing into evidence testimony which was prejudicial to the rights of the Appellant." We find this argument meritless. No objection was raised at trial to the admission of the testimony. *Sheffield v. State,* 235 Ga. 507 (220 SE2d 265) (1975). Moreover, the transcript demonstrates that most of the allegedly "prejudicial" testimony was elicited by appellant's defense counsel on cross-examination. " 'Where counsel elicits testimony unfavorable to his client, he will not be heard to object to it, no matter how prejudicial it may be, if it is a direct and pertinent response to the question propounded. [Cits.]' [Cit.] This is especially true in the instant case since defense counsel raised no objection to the response elicited by his question. [Cit.] In fact, the transcript reveals that, here, the appellant's attorney actively pursued the 'troubling answers.' [Cit.]" *Rutland v. State,* 158 Ga. App. 315 (2) (1981).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED MAY 11, 1981.

*Robert Wayne Pitts, Robert B. Edwards,* for appellant.

*William A. Foster III, District Attorney, Frank C. Winn, Assistant District Attorney,* for appellee.