## 62321. MAY v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction for armed robbery. *Held:*

1. In his opening statement the prosecutor said he would present evidence that a week after the alleged robbery and before defendant was identified as a perpetrator, defendant was seen in a bank with a female companion who was attempting to cash a check. The couple left when the bank personnel became suspicious about the check and a bank official followed them. When defendant observed that he was being followed he drew a pistol like one used in the robbery and twice pointed it at and warned the bank official to stop following him. This conduct culminated in defendant's arrest. The bank officer found some credit and identification cards which had been taken in the robbery in an alley where he had followed defendant.

No objection was made to the statement at the time.

Later in the trial defendant made a motion in limine to prevent the admission of any evidence of his presence at the bank and threatening the bank officer with a pistol. The trial court granted the motion on the ground that it tended to place defendant's character in issue. When the prosecutor stated that he had already mentioned the evidence in his opening statement, defendant moved for a mistrial, the denial of which is now urged as error.

We find no error. The trial court erroneously excluded the evidence of the circumstances surrounding defendant's arrest. "As '[a]ll circumstances connected with an arrest are proper matters to be submitted to the jury to be weighed by them for what they are worth' [cit.], the fact that [the witness'] testimony may have incidentally intimated appellant's participation in another crime does not render such testimony inadmissible. [Cits.]" *Frazier v. State,* 150 Ga. App. 343 (1) (258 SE2d 29).

Therefore, the prosecutor's reference in his opening statement to the circumstances leading to defendant's arrest was not a ground for mistrial.

2. Defendant's enumeration of error because the trial court allowed an in court identification of defendant by the victim tainted by an unnecessarily suggestive pretrial identification procedure used by police is without merit.

Because defendant did not object to the in court identification at trial, he has waived the right to raise the issue on appeal. *Respess v. State,* 145 Ga. App. 570 (2) (244 SE2d 251); *Miller v. State,* 158 Ga. App. 21 (279 SE2d 289).

3. The remaining enumeration is without merit.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 14, 1981.

*Charles A. Mathis, Jr.,* for appellant.

*Joseph H. Briley, District Attorney, Reginald Bellury, Assistant District Attorney,* for appellee.