66755. REYNOLDS v. THE STATE.
66756. CURTIS v. THE STATE.

McMurray, Presiding Judge.

These two defendants were convicted of kidnapping with bodily harm (injury), rape, aggravated sodomy and simple battery. They appeal separately following the denial of their motions for new trial. *Held:*

1. Both defendants enumerate error as to the sufficiency of the evidence to prove the convictions beyond a reasonable doubt although two of the enumerations of error of one of the defendants (Reynolds) are that the evidence was insufficient to corroborate that defendant's confession (at least an incriminating statement if not completely admitting the crime) and the evidence was insufficient to support a conviction of kidnapping with bodily harm (injury). We review all of these enumerations of error in toto. The evidence here corroborated the admissions with reference to the crimes committed even though the defendant Reynolds contends that he was merely present when the crimes were committed and that his engagement in the sexual activities was consensual as to the alleged victim, if indeed it was necessary under OCGA § 24-3-53 (formerly Code § 38-420) to corroborate same. The defendant's involvement with the automobile in which the victim was kidnapped, the taking of her to a home at another location, and many other corroborating facts and circumstances were ample to show corroboration of his statements (if in fact the entire crime was not admitted). The amount of evidence necessary to corroborate a confession is left entirely within the province of the jury and corroboration in any material particular satisfies the requirements of the law. *Gilder v. State,* 219 Ga. 495, 498 (2) (133 SE2d 861); *Morrison v. State,* 157 Ga. App. 405, 406 (278 SE2d 60); *Griswold v. State,* 159 Ga. App. 22, 23-24 (3) (282 SE2d 679); *Owens v. State,* 157 Ga. App. 198 (276 SE2d 873); *Cunningham v. State,* 248 Ga. 835, 837 (3) (286 SE2d 427).

The evidence of physical injury to the victim's body, both as to bruises and forcing her into the automobile and the various repeated acts of rape and sodomy, supported a conviction of kidnapping with bodily harm. See *Peek v. State,* 239 Ga. 422, 427 (4) (238 SE2d 12). After careful examination of the record and transcript we are convinced, and so hold, that a rational trier of fact could have reasonably found each of the defendants guilty beyond a reasonable doubt of the offenses of kidnapping with bodily harm, rape, aggravated sodomy and simple battery. See *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Harris v. State,* 236 Ga. 766, 767 (225 SE2d 263); *Alexander v. State,* 247 Ga. 780, 783 (1) (279 SE2d 691); *Turner*

*v. State,* 151 Ga. App. 169, 170 (259 SE2d 171). These enumerations of error are not meritorious.

2. The state offered evidence that during the investigation, and as the case centered upon one defendant (Curtis) in tracing the automobile to him at a certain address, this defendant gave the officer a false name. Whereupon, he was arrested for giving the false name. The defendant Curtis contends this was a pretext to get a picture of him, thus violating his constitutional rights, and the picture line-up thereafter was unfair and suggestive. These two enumerations of error are not meritorious in that the in-court identification of this defendant by the victim was not tainted by an unnecessarily suggestive pretrial identification procedure. First of all, there was no objection to the in-court identification at trial and this forecloses review of the matter on appeal. See *Respess v. State,* 145 Ga. App. 570, 571 (2) (244 SE2d 251); *Sheffield v. State,* 235 Ga. 507, 508 (2, 3, 5) (220 SE2d 265); *May v. State,* 159 Ga. App. 565, 566 (2) (284 SE2d 70); *Miller v. State,* 158 Ga. App. 21 (279 SE2d 289). It is too late to urge objections to the admission of evidence after it has been admitted without objection. *Miller v. State,* 158 Ga. App. 21, supra; *Sheffield v. State,* 235 Ga. 507, 508, supra; *Sheriff v. State,* 158 Ga. App. 506 (3) (280 SE2d 904). These enumerations of error are not meritorious.

3. The trial court did not err in admitting into evidence the statements made by the defendants to the police officers. These statements were admitted after a Jackson v. Denno hearing (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) in which testimony was offered by the officers that the defendants were advised of their Miranda rights and then made a knowing and voluntary waiver of those rights; and a specific finding was then made by the court with reference to that hearing that the statements had been freely and voluntarily given. Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694), does not require the police officers to advise a defendant as to how he should obtain counsel.

4. The court presented to the jury for its consideration during its deliberations a multiple choice type of verdict form, that is (1) "not guilty on all counts as charged," or (2) "guilty on all counts as charged"; then a list of the various counts or lesser included offenses under these counts as follows: (1) "Kidnapping with bodily harm," or the lesser included offense of "Kidnapping"; (2) "Rape," or the lesser included offense of "Simple Battery"; (3) "Aggravated Sodomy," or the lesser included offense of "Simple Battery"; (4) "Robbery," or the lesser included offense of "Theft by Taking"; and (5) "Aggravated Assault," or the lesser included offenses of "Simple Assault" or

"Simple Battery." The jury marked through both "not guilty on all counts" and "guilty on all counts," then found each defendant guilty as to the offenses of kidnapping with bodily harm, rape, aggravated sodomy, by adding the word "Guilty" to each count and circled same. As to the robbery count, the jury added "Not Guilty," and also circled same. In the aggravated assault count the jury circled and added the word "Guilty," as to the lesser included offense of "Simple Battery." One of the defendants (Reynolds) contends that use of the form submitted to the jury for the recording of their verdict denied him a fair trial before an impartial jury, due process of law, and equal protection under the law. Counsel for defendant in the brief admits that he is aware of the cases holding that verdicts do not have to be in an exact form, nor do they even have to be on the correct paper, citing *Martin v. State,* 73 Ga. App. 573, 574 (9) (37 SE2d 411). He seeks, however, to argue that by writing the lesser included offenses into the verdict forms it amounted to presenting to the jury not five counts, but eleven, and the form of the verdict in written language continued to speak to the jury in the jury room while the oral language of the charge did not, thus denying the defendant the right to be tried before a fair and impartial jury, due process of law and equal protection. We simply do not agree based upon decisions of our Supreme Court, such as, *Jackson v. State,* 237 Ga. 663, 664 (229 SE2d 345); and *Kearney v. State,* 101 Ga. 803 (7) (29 SE 127). See also in this connection *Dixon v. State,* 154 Ga. App. 828, 830 (7) (269 SE2d 909); *Chance v. State,* 154 Ga. App. 543, 544 (2) (268 SE2d 737); *Hart v. State,* 157 Ga. App. 716, 719 (4) (278 SE2d 419).

Having found no merit in any of the enumerations of error raised by each of the defendants, we affirm the convictions of each defendant.

*Judgments affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED OCTOBER 21, 1983.

*William T. Hankins III, Thomas L. Bingley,* for appellants.

*Robert E. Wilson, District Attorney, Thomas S. Clegg, James M. McDaniel, Susan Brooks, Assistant District Attorneys,* for appellee.