72797. HALL v. THE STATE.
(350 SE2d 801)

CARLEY, Judge.

Appellant was tried before a jury on a three-count indictment. Count One alleged the commission of an aggravated assault against a named individual. Counts Two and Three alleged that appellant had falsely imprisoned and committed an aggravated assault against another named individual. The jury returned guilty verdicts as to all three counts. Appellant appeals from the judgments of conviction and sentences entered on the jury's verdicts.

1. Appellant enumerates the general grounds. There was evidence which supported appellant's good character and alibi defenses. However, construing the evidence most strongly in support of the verdict as to Count One shows the following: The victim identified appellant as the man who had attacked her with a razor or box cutter and inflicted serious injury upon her. See generally Abbott v. State, 172 Ga. App. 70, 73 (1) (321 SE2d 808) (1984). Construing the evidence most strongly in support of the verdict as to Count Two shows the following: The victim identified appellant as the man who had attacked her, threw her against a brick wall, beat her with his fists and, as a consequence, inflicted serious injury upon her. See generally Harper v. State, 152 Ga. App. 689, 691 (2) (264 SE2d 323) (1979). Construing the evidence most strongly in support of the verdict as to Count Three shows the following: Prior to being beaten, the victim in Count Two had both of her arms grabbed and pinned from behind and she was then picked up and carried some 20 yards while struggling to break away from her assailant. See generally Felker v. State, 252 Ga. 351, 368 (4b) (314 SE2d 621) (1984); Gilbert v. State, 176 Ga. App. 561, 562 (2) (336 SE2d 828) (1985). After a review of the entire record, we find that any rational trior of fact could reasonably have

found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. One of appellant's enumerations of error is the following: "The use of an improper photographic lineup hopelessly prejudiced the identification witnesses." However, appellant cites us to no portion of the record or transcript where he invoked a ruling by the trial court on the admissibility of the identification testimony of any witness. Our own review has discovered no point, either before or during trial, at which the issue was raised below. Accordingly, this enumeration presents nothing for review. "Failure to object to the in-court identification at trial forecloses appellate review of the matter. [Cit.]" *Doby v. State*, 173 Ga. App. 348, 350 (5) (326 SE2d 506) (1985). See also *Reynolds v. State*, 168 Ga. App. 555, 556 (2) (309 SE2d 867) (1983); *May v. State*, 159 Ga. App. 565, 566 (2) (284 SE2d 70) (1981); *Respess v. State*, 145 Ga. App. 570 (2) (244 SE2d 251) (1978).

3. During the course of the State's closing argument, appellant's counsel made several objections to the argument as being improper and impermissible. The trial court overruled the objections and these rulings are enumerated as error.

The State does not contend that the instances of alleged improper argument are not properly before this court. However, we will take this opportunity to clarify when error is preserved as to the State's closing argument in a criminal case. Some cases contain language which could be construed as holding that defense counsel is required to do more than merely raise an objection that the State's argument is improper. " 'A mere objection to alleged improper argument of counsel, without more, is not sufficient to invoke a ruling of the court; and in the absence of a specific motion either for a mistrial, or that the jury be instructed to disregard the argument, it was not error to fail to grant a mistrial or to instruct the jury.' [Cit.]" *Campbell v. State*, 111 Ga. App. 219, 220 (5) (141 SE2d 186) (1965). See also *Holt v. State*, 147 Ga. App. 186, 187 (5) (248 SE2d 223) (1978); *Carroll v. State*, 147 Ga. App. 332, 335 (7) (248 SE2d 702) (1978). However, construing the language of those cases as standing for such a holding would be erroneous. "A good statement upon the practice question now under consideration is . . . as follows: 'When improper argument is made by counsel, counsel for the opposite party, in order to make the action of the judge in reference to the same the basis for a review, *may object to the argument, and rest simply on the objection*; and if the court fails to take any notice of the objection and allows the argument to proceed, this conduct may be reviewed; *or* he may, *in addition to his objection*, move for appropriate instructions to the jury, or for a reprimand or rebuke of counsel, in order that the jury may be impressed with the grave nature of

the impropriety which has taken place; *or*, if the impropriety is of a very grave character, he may move for a mistrial, and upon the refusal of the court to do that which ought to have been done on the motion made, whatever its nature may be, the conduct of the judge will then be a subject for review by this court.' " (Emphasis supplied.) *Brooks v. State*, 183 Ga. 466, 470-471 (188 SE 711) (1936).

Thus, defense counsel in a criminal case may merely object to the State's argument as improper for whatever reasons and rest on that objection rather than specifically request other forms of relief. Compare *Seaboard Coast Line R. Co. v. Wallace*, 227 Ga. 363 (180 SE2d 743) (1971) (establishing a different rule in civil cases by virtue of OCGA § 9-11-46); *P. H. L. Dev. Corp. v. Sammy Garrison Constr.*, 171 Ga. App. 393, 396 (4) (319 SE2d 543) (1984) (applying the rule in civil cases). If the objection to the State's argument is *overruled*, defense counsel may then assert on appeal that the State's argument was improper for the reasons advanced at trial and that the trial court erred in failing "promptly to require the [State's counsel] to desist from such argument, this being in effect what counsel for the defendant had asked." *Brooks v. State*, 55 Ga. App. 227, 232 (189 SE 852) (1937). If a mere objection is overruled and defense counsel makes no further request for any curative action, the only authorized argument on appeal would be that the failure to sustain the objection was erroneous. "In no case will the trial judge's ruling be reversed for not going *further* than requested." (Emphasis supplied.) *Brooks v. State*, 183 Ga. supra at 469. If, however, the objection to the State's argument is sustained, the objection will not authorize defense counsel to assert on appeal that the trial court erred in failing to take any *additional, unrequested* curative actions. "[I]t is well-settled that a sustained objection to improper argument of counsel cannot serve as the basis for reversal unless it is contemporaneous with a denied motion for mistrial, denied request to strike or denied request for curative instructions . . . [Cits.]" *Keen v. State*, 164 Ga. App. 81, 88 (296 SE2d 91) (1982). Accordingly, the proper construction of the holding in those cases enumerated above is the following: Whether overruled or sustained, a mere objection to alleged improper argument by the State in a criminal case raises on appeal *only* the issue of whether the trial court erred in failing to sustain the objection so as to require the State's counsel to desist from the argument, not whether the trial court erred in failing to take any other additional curative actions.

Turning then to the instant case, there are three instances in which appellant's counsel objected to the State's closing argument as being improper and the trial court then allowed the argument to continue over the objection. As discussed above, appellant is entitled to urge on appeal that, in each of those instances, the trial court erred in failing to sustain the objection and thereby require the State's counsel

to desist from improper argument.

The first instance concerns a reference to appellant as "this guilty man right here." It was not error to overrule the objection to this comment as being improper and impermissible. "In the absence of anything to the contrary, the [district attorney's] remarks will be regarded as a deduction from the evidence." *Floyd v. State*, 143 Ga. 286, 289 (84 SE 971) (1915).

The second instance concerns an attack on the credibility of one of appellant's defense witnesses who was characterized as a "thief." Such evidence as was adduced at trial did not authorize argument that the jury should consider the witness impeachable as a "thief." During cross-examination of the witness, it had been established only that the witness had once been fired from his employment for "misappropriation of money" but that the incident was only a misunderstanding and he had never been accused of "stealing it." A witness cannot be impeached merely by evidence that he was once indicted, charged, arrested, or even tried for a crime of moral turpitude, much less that he was ever discharged from his employment for such a reason. "Instances of specific misconduct may not be used to impeach a witness' character or veracity unless the misconduct has resulted in the conviction of a crime involving moral turpitude, [cits.], and the proper method of proving such a conviction is by the introduction of a certified copy thereof. [Cit.]" *Williams v. State*, 251 Ga. 749, 799 (312 SE2d 40) (1983). "It was, therefore, improper argument to infer that [appellant's witness was] not worthy of belief [as a thief]. The trial court did . . . err in [not] sustaining [appellant's] objection to this improper argument." *Smith v. State*, 235 Ga. 327, 328-329 (219 SE2d 440) (1975).

The third instance concerns the State's argument that "this crime is typical of the kind of sick crimes that we have that are caused by people on hard drugs, not marijuana but stuff like heroin or PCP is a favorite. . . . [I]t's a horror and it's a tragedy and it's the type of thing that could cause this crime." There can be no fundamental disagreement with the opinion expressed by the State's attorney concerning the societal tragedy occasioned by drugs. There was, however, no evidence whatsoever adduced at trial that appellant ever used drugs or that drugs played any part in the specific crimes for which appellant was being tried. Compare *Ward v. State*, 252 Ga. 85, 88 (2) (311 SE2d 449) (1984) (notwithstanding direct evidence of a drug connection, argument in a murder trial concerning a "drug party" was an improper overstatement and warranted jury instructions). Such evidence as was adduced concerned only the demeanor of the assailant at the time of the crimes and this evidence was as equally, if not more, consistent with the perpetrator's diminished capacity or intoxication by liquor as it was with any drug use, especially

"hard drugs . . . stuff like heroin or PCP. . . ." " 'It is error to allow, over objection of the defendant, prejudicial and irrelevant matter to go before the jury in a trial, which tends to place his character and conduct before the jury, where the nature of the case does not involve such character.' [Cits.]" *Smith v. State,* 118 Ga. App. 464, 465-466 (164 SE2d 238) (1968). Under no evidence adduced did the "nature" of the instant case involve appellant's character as a user of "hard drugs . . . stuff like heroin or PCP. . . ." Accordingly, the argument of the State's attorney was improper and the trial court should have sustained appellant's objection. See *Bailey v. State,* 95 Ga. App. 859 (99 SE2d 311) (1957).

" 'The responsibility of a public prosecutor differs from that of the usual advocate; his duty is to seek justice, not merely to convict.' [Cits.]" *Burns v. State,* 172 Ga. App. 645, 647 (324 SE2d 197) (1984). " 'While the safety of society requires the faithful prosecution of offenders against the laws, the State does not ask their conviction but upon calm and dispassionate investigation of the charges against them.' [Cit.]" *Brown v. State,* 57 Ga. App. 864, 865 (197 SE 82) (1938). The instant case turned on the credibility of the identification of appellant as the perpetrator of the serious crimes versus the credibility of appellant's good character and alibi defenses. The credibility of one of appellant's witnesses was improperly attacked as being a "thief." The use of "hard drugs" was erroneously argued as a possible explanation for commission of the crimes. We cannot say that it is highly probable that the erroneous argument, unchecked by the trial court, did not contribute to the verdict. Accordingly, the judgment of conviction must be reversed so that a new trial may be had.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 3, 1986 —
REHEARING DENIED NOVEMBER 19, 1986 

*H. Haywood Turner III,* for appellant.
*William J. Smith, District Attorney, J. Gray Conger, Assistant District Attorney,* for appellee.