75641. SAMS v. THE STATE.
(366 SE2d 239)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of two counts of violating the Georgia Controlled Substances Act. He appeals from the judgments of conviction and sentences entered on the jury's verdicts.

Appellant's sole enumeration of error relates to the closing argument of the State. Appellant objected to a portion of the State's closing argument and requested the trial court to instruct the jury to disregard it. The trial court sustained appellant's objection and gave the requested instruction. Although no motion for mistrial was ever made, the trial court's failure to grant that relief is enumerated as error.

"[I]t is well-settled that a sustained objection to improper argument of counsel cannot serve as the basis for reversal unless it is contemporaneous with a denied motion for mistrial, denied request to strike or denied request for curative instructions. . . . [Cits.]" *Keen v. State*, 164 Ga. App. 81, 88 (7) (296 SE2d 91) (1982). Here, the trial court granted the curative action requested by appellant. " 'In no case will the trial judge's ruling be reversed for not going *further* than requested.' [Cit.] [When] the objection to the State's argument is sustained, the objection will not authorize defense counsel to assert on appeal that the trial court erred in failing to take any *additional, unrequested* curative actions." (Emphasis in original.) *Hall v. State*, 180 Ga. App. 881, 883 (3) (350 SE2d 801) (1986). Appellant's enumeration is without merit.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 18, 1988.

*James R. McKay*, for appellant.
*Stephen F. Lanier, District Attorney*, for appellee.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*