**THIRD DIVISION
DOYLE, P. J.,
REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**September 6, 2022**

# In the Court of Appeals of Georgia

A22A0852. KEYS v. THE STATE.

PHIPPS, Senior Appellate Judge.

A jury convicted Jaquan Marquell Keys[1] of two counts of fleeing or attempting to elude a police officer and various misdemeanor traffic offenses.[2] Keys appeals, asserting that the trial court erred in (1) running his misdemeanor traffic sentences

---

[1] In the notice of appeal and portions of the appellant's brief, Keys's attorney lists Keys's name as Jaquan Marquell Keys; however, the indictment, court disposition, and other portions of the appellant's brief list Keys's name as Marquell Jaquan Keys. We will simply refer to the defendant as Keys throughout this opinion.

[2] These offenses included one count each of driving without a license (OCGA §§ 40-5-20 (a)), a turn signal violation (OCGA § 40-6-123(b)), improper driving on a divided highway (OCGA § 40-6-50), reckless driving (OCGA § 40-6-390), and speeding (OCGA § 40-6-181). These are all misdemeanor traffic offenses. See OCGA §§ 40-5-121 (a) (driving without a license constitutes a misdemeanor), 40-6-1 (a) (violations of the uniform rules of the road, unless otherwise specified, constitute misdemeanors), 40-6-390 (b) (reckless driving constitutes a misdemeanor).

consecutively, (2) admitting a video recording into evidence, and (3) denying his motion to suppress without a hearing. For the reasons that follow, we affirm Keys's convictions and sentences.

Viewing the record in a light most favorable to the verdict, see *Thompson v. State*, 358 Ga. App. 553, 553 (855 SE2d 756) (2021), the evidence shows that on February 17, 2019, a Lamar County officer monitoring traffic saw a car with heavily tinted windows pass his vehicle. The officer attempted to initiate a traffic stop, but the vehicle fled, and a chase ensued.

After approximately one mile, the vehicle entered Monroe County, where Monroe County and Georgia State Patrol officers joined the chase. During the pursuit, the vehicle traveled over 100 miles per hour, made unsafe lane changes, drove too closely to other vehicles, and traveled in the emergency lane. Police eventually stopped the vehicle using a special maneuver technique, and they removed from the vehicle both Keys, who was driving, and his passenger. Keys was taken into custody for fleeing and attempting to elude the police, but the passenger of the vehicle was released. Officers then determined that Keys did not have a valid driver's license.

Keys ultimately was charged with two counts of fleeing or attempting to elude a police officer and five misdemeanor traffic violations. The case was tried before a

jury, which found him guilty on all counts. The trial court imposed a total sentence of five years in prison, to be followed by five years on probation, consisting of: five years on each count of fleeing or attempting to elude a police officer, to run concurrently with each other, and twelve months each, to run consecutively to each other and to the fleeing and attempting to elude counts, on the misdemeanor traffic convictions. Keys appeals from his convictions and sentences.

1. Keys first argues that the trial court erred in imposing consecutive sentences on the misdemeanor traffic offenses. According to Keys, "[t]he jury fixes the sentence within the limits prescribed by law and the judge imposes the sentence fixed by the jury as provided by law." Therefore, Keys argues, he should not have received consecutive misdemeanor sentences because the jury did not specify that the sentences should run consecutively. This argument lacks merit.

Keys's reliance on cases decided under former Code Ann. § 27-2534 — which stated that "[t]he jury shall fix a sentence within the limits prescribed by law" and that "[t]he judge shall impose the sentence fixed by the jury as provided by law" — is misplaced. See *Wade v. State*, 231 Ga. 131, 134 (200 SE2d 271) (1973); see also *Hicks v. State*, 232 Ga. 393, 403-404 (207 SE2d 30) (1974); *Gandy v. State*, 232 Ga. 105, 106, 109 (205 SE2d 243) (1974). In 1974, Code Ann. § 27-2534 was repealed

3

and former Code Ann. § 27-2502 — now codified at OCGA § 17-10-1 — "was amended so as to provide that a person convicted of a misdemeanor or felony shall have his sentence fixed by the trial judge except in cases in which life imprisonment or capital punishment is imposed." *Sheffield v. State*, 235 Ga. 507, 508 (4) (220 SE2d 265) (1975); see also OCGA § 17-10-1. Under the new sentencing code, "the judge and not the jury passes sentence after a determination of guilt." *Huff v. State*, 135 Ga. App. 134, 135 (4) (217 SE2d 187) (1975); see also *Miller v. State*, 351 Ga. App. 757, 769 (2) (b) (833 SE2d 142) (2020) ("[C]oextensive with their ability to impose a sentence that fits the crime, trial courts have great discretion in determining whether to run sentences concurrently or consecutively.") (citation and punctuation omitted); OCGA § 17-10-1.

Keys's misdemeanor traffic offenses were committed in 2019, well after the old sentencing guideline was repealed in 1974. Therefore, contrary to Keys's assertion, the jury in his case had no authority over his sentence. "[T]he discretion as to whether the sentences were served concurrently or consecutively resided entirely and solely within the breast of the trial judge, unaffected and uninfluenced by any recommendation of the jury in such respect." *Huff*, 135 Ga. App. at 135-136 (4); see also *Miller*, 351 Ga. App. at 769 (2) (b) ("[T]here is no limitation on [the] broad

4

discretion that would preclude a trial court from running sentences partially concurrent and partially consecutive to one another.") (citation and punctuation omitted). The trial judge in this case therefore properly exercised his discretion to impose consecutive twelve-month sentences for the misdemeanor traffic offenses. See *Huff*, 135 Ga. App. at 135-136 (4); OCGA §§ 40-5-121 (driving without a license constitutes a misdemeanor), 40-6-1 (a) (violations of the uniform rules of the road, unless otherwise specified, constitute misdemeanors), 40-6-390 (b) (reckless driving constitutes a misdemeanor); see also OCGA § 17-10-3 (a) (the maximum term of confinement for a misdemeanor is 12 months).

2. Keys next contends that the trial court erred in allowing a video recording into evidence. According to Keys, the State introduced two dash camera video recordings into evidence, but produced only one during discovery. Pretermitting whether Keys's assertion regarding the State's pretrial production of evidence is correct, this Court is limited to plain error review because Keys did not object to the admission of either recording at trial. See *Rainwater v. State*, 300 Ga. 800, 802 (2) & n. 3 (797 SE2d 889) (2017) (explaining that appellate courts review unobjected-to evidentiary rulings for plain error). "To establish plain error, an appellant must identify an error that was not affirmatively waived, was clear and not open to

5

reasonable dispute, likely affected the outcome of the proceeding, and seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Butler v. State*, 363 Ga. App. 753, 759 (3) (871 SE2d 902) (2022) (citation and punctuation omitted); accord *Adams v. State*, 344 Ga. App. 159, 163 (1) (809 SE2d 87) (2017).

Here, Keys not only failed to object to the admission of both dash camera video recordings, but he affirmatively waived any such objection. When the video recordings were tendered at trial, Keys's attorney stated, "The defense has no objection, Your Honor." Thus, Keys cannot demonstrate the first prong of plain error review, and this enumeration of error fails. See *Adams v. State*, 306 Ga. 1, 3-4 (1) (829 SE2d 126) (2019) (on plain error review, defense counsel's affirmative statement that he had no objection to the introduction of evidence waived any claim that the trial court improperly admitted the evidence).

3. Finally, Keys asserts that the trial court erred in denying his motion to suppress. Specifically, Keys takes issue with the fact that "the trial court denied his motion after a brief inquiry that last[ed] about four minutes." We find no error.

In his motion to suppress, Keys sought suppression of "all evidence resulting from [his allegedly] illegal seizure," including (1) evidence seized from the car he was driving and testimony regarding any such evidence, (2) testing performed on any

6

seized evidence, and (3) statements made by him. The trial transcript demonstrates that the court addressed Keys's motion to suppress prior to trial. During the trial court's inquiry, the State informed the court, "This is a felony fleeing case. There was no seizure of any contraband or anything. There is nothing to suppress." In addition, the State twice informed the trial court that "there are no statements that are being put in as part of this trial." The trial court assured Keys that if the State sought to introduce any statements made by him, they would not be allowed into evidence, and it denied Keys's motion to suppress.

Although Keys argues on appeal that the trial court's brief inquiry violated his constitutional right to due process because it did not allow him the opportunity to call witnesses, introduce evidence, or permit his counsel further argument, our review of this claim is hampered by Keys's "failure to specify which evidence he contends was wrongfully admitted and, if he takes issue with all of the evidence, his failure to engage in legal analysis with respect to each piece of evidence he is challenging." *Smart v. State*, 299 Ga. 414, 420 (3) (788 SE2d 442) (2016). Keys has not identified any evidence that was erroneously admitted at trial, and it is not an appellate court's job "to cull the record on behalf of [Keys] to find alleged errors." Id. (citation and punctuation omitted). In fact, "[i]t is well established that the burden is on the party

7

alleging error to show it by the record." *Evans v. State*, 360 Ga. App. 596, 605 (8) (a)

(859 SE2d 593) (2021) (citation and punctuation omitted).

Here, Keys's claim of error amounts to a mere conclusory assertion that unspecified evidence was inadmissible and should have been excluded. See *Evans*, 360 Ga. App. at 605 (8) (a). Absent a showing of any evidence admitted by the trial court that should have been excluded, Keys has failed to meet his burden of demonstrating an abuse of discretion by the trial court in its handling of his motion to suppress.[3] See *Porter v. State*, Case No. A22A0134, 2022 Ga. App. LEXIS 327,

---

[3] In his reply brief, Keys mentions in passing — for the first time — that a suppression hearing was needed to address whether the window tinting on the vehicle he was driving justified the initial attempted traffic stop. We decline to address this argument for several reasons. First, Keys failed to raise the window-tinting issue either in his written motion to suppress or when the motion was orally addressed in court, and he therefore waived the argument. See *State v. Davis*, 356 Ga. App. 769, 773 (1), n. 3 (849 SE2d 207) (2020) ("Generally, an argument not raised in the trial court is waived and cannot be raised for the first time on appeal.") (citation and punctuation omitted); accord *Darden v. State*, 293 Ga. App. 127, 132 (1) (b) (666 SE2d 559) (2008). Second, even if Keys had properly and timely raised the window-tinting issue before the trial court, he has waived this argument by raising it on appeal for the first time in his reply brief. See *Williams v. State*, 307 Ga. 689, 689, n. 2 (838 SE2d 314) (2020) ("[A]n appellant who raises an argument for the first time in a reply brief is not entitled to have that argument considered.") (citation and punctuation omitted). Finally, even if Keys properly and timely raised the issue in his initial appellate brief, he has abandoned appellate review of any challenge regarding the issue because he failed to include either citation to authority or meaningful legal argument regarding the window-tinting issue in his appellate briefs. See *Huerta-Ramirez v. State*, 357 Ga. App. 123, 128 (1), n. 4 (850 SE2d 218) (2020) (allegations

at *4 (June 24, 2022) ("On appeal, the trial court's rulings on the exclusion or admission of evidence are reviewed for a clear abuse of discretion.") (citation and punctuation omitted).

*Judgment affirmed. Doyle, P. J., and Reese, J., concur.*

---

of error that fail to include citations to authority or meaningful legal argument are deemed abandoned); *Jones v. State*, 339 Ga. App. 95, 105 (5) (791 SE2d 625) (2016) (failure to provide citations to the record and legal authorities in support of a contention abandons it for appellate review).