## PARKER *vs.* THE STATE OF GEORGIA.

1. The evidence sustains the verdict.
2. No reason seems to have been shown to the court why defendant was not prepared to go to trial. He was allowed an hour after his case was called, and it does not appear that he asked for further time.
3. The motion to continue was for the purpose of having one witness subpœnaed, by whom defendant expected to prove that at a certain time he did not have a pistol concealed, but this was not the time alleged in the indictment or relied on for conviction, and the solicitor-general admitted what he expected to prove by the witness
4. A mistrial will not be granted because of newly discovered testimony, which is to be used simply to impeach a witness.
5. Nor will a new trial be granted because one of the jurors, when polled, stated that he had agreed to the verdict reluctantly.

May 21, 1888.

Continuance. Evidence. Jury and jurors. Before Judge BOYNTON. Rockdale superior court. August term, 1887.

Reported in the decision.

GEORGE W. GLEATON and A. C. PERRY, for plaintiff in error.

E. WOMACK, solicitor-general, for the State.

SIMMONS, Justice.

Parker was indicted in Rockdale superior court for carrying concealed weapons on November 1st, 1886. The indictment was found at the August term, 1887, of that court. The jury returned a verdict of guilty. He made a motion for a new trial, which was overruled by the court, and he excepted. The 1st, 2d and 3d grounds are the usual ones, that the verdict was contrary to law and to the evidence, etc. The 4th and 8th grounds

relate to newly discovered evidence. The 5th and 7th grounds complain of the want of time on the part of the defendant to prepare his case for trial. The 6th ground is, that one of the jurors agreed to the verdict reluctantly. The 9th ground is, that the court refused to grant the defendant a continuance to allow him to subpœna a witness, by whom he expected to show that he did not have a pistol concealed.

We have read this record carefully, and are satisfied that there is no merit in any of the grounds of the motion for a new trial.

1. The evidence abundantly sustains the finding of the jury.

2. Complaint is made that the court did not grant sufficient time to properly prepare for the defence of the case. That was a matter within the discretion of the court. No reason seems to have been assigned to the court why the defendant was not properly prepared to go into the trial of the case. The court allowed him one hour after the case was called; and the record does not disclose that further time was asked for by the defendant. The law of the case is simple.

3. The motion to continue because he was not prepared was simply to have one witness subpœnaed, by whom he expected to prove that at a certain time he did not have a pistol concealed about his person. The solicitor-general admitted that if the witness were present, he could prove that at that particular time he did not have a pistol concealed, but that was not the time alleged in the indictment, or the time upon which the solicitor-general relied for conviction.

4. The newly discovered testimony was simply for the purpose of impeaching the State's witnesses; and this court has frequently ruled that it will not grant a new trial where the newly discovered evidence is for the purpose of impeachment.

5. There was no error in overruling the motion upon the 6th ground thereof, to wit: that one of the jurors when polled answered that he had agreed to the verdict, but had agreed to it reluctantly.    If a juror agrees to a verdict, that in law is sufficient.    If verdicts are to be set aside because some of the jurors agree to them reluctantly, very few verdicts in important cases would be allowed to stand.    The law does not inquire as to the degree of reluctance or willingness with which a juror's mind assents to the verdict.    Its only inquiry is, does he agree to it?    If he does, that is sufficient.

Judgment affirmed.