### 68593. THOMAS v. THE STATE.
### 68594. ABBOTT v. THE STATE.
(321 SE2d 808)

BIRDSONG, Judge.

Johnny Adam Thomas and Jimmy Nathan Abbott were jointly indicted for criminal attempt to commit armed robbery and with aggravated assault. Abbott was convicted by jury of both offenses, and Thomas was convicted of the criminal attempt to commit robbery but found not guilty of the aggravated assault. Abbott was sentenced to

consecutive terms of ten years for the criminal attempt and twenty years for the aggravated assault. Thomas was sentenced to ten years for the criminal attempt. Each appellant was separately defended and each has filed a separate appeal.

Abbott urges as error that the State failed to prove the weapon used was a "deadly" weapon and thus there was insufficient evidence to prove aggravated assault. He also contends that the State erroneously was allowed to call a witness to establish a chain of custody who was not disclosed to the defense as a witness to be called by the State and for the same reason the trial court erroneously admitted evidence of Abbott's fingerprints found at the scene of the robbery and assault. Thomas urges error in the giving of a supplemental charge on conspiracy when the State did not urge such a theory or request a charge thereon; in the failure to distinguish for the jury, at the jury's questioning, robbery and armed robbery; and, lastly that the weight of the evidence was strongly against the verdict of guilt. In the interest of judicial economy we have consolidated the two appeals as one and will dispose of both appeals in this one opinion. *Held*:

As an aid in placing the legal contentions in proper perspective, an examination of the facts disclosed by this transcript shows that at about 6:00 p.m. on October 25, 1983, the victim was working in the convenience store of which he was manager. He employed a young boy (13) to help him in the store who was present to sweep and stock, etc. At this hour, the boy's parents were present to pick up the boy from the store. Two white males entered the store and wandered about the store. The young boy employee positively identified these two males as the appellants Abbott and Thomas.

When the boy and his parents left the store, the two men asked the manager where the single bottles of beer could be located. When the manager approached the two men to show them the beer, he noted that Abbott had two bottles in his hand and these were placed on the counter. Abbott then pulled out a "box opener," a wooden handle with a protruding razor blade. Abbott demanded money or he would cut the manager. When the manager retreated, Abbott commenced "swiping" at the manager with the razor knife, nicking the manager on the hand. When the manager was backed up against the counter and reached for a gun tucked under the counter, Abbott drew the razor knife up the manager's side causing a cut sufficient to require emergency medical treatment to staunch the flow of blood. The manager complained that he thought Abbott was trying to kill him. After cutting the manager, Abbott fled without obtaining any money.

Thomas admitted entering the store with a man (obviously Abbott) after the two of them had talked about "getting some money." Although Thomas denied any knowledge of a cutting, and claimed he fled as soon as he saw the scuffle between Abbott and the manager,

Thomas was fully aware of the nature of the razor knife used by Abbott and described it in a statement to the police after his apprehension for the attempted robbery. After the robbery, the knife was found abandoned alongside a road near the store. A fingerprint was lifted from one of the bottles of beer that had been placed on the counter immediately prior to the cutting episode. This fingerprint was submitted to the state crime lab through normal channels and determined to be the fingerprint of Abbott. *Held*:

### Case No. 68593 (Thomas)

1. After both sides had rested and the charge of the court completed, the jury returned after a period of deliberations with concern about the difference between robbery and armed robbery. The question apparently arose from the jury's concern as to whether a person could enter a store with the simple intent to rob and then convert the intended act of robbery to armed robbery by the use of deadly force. The trial court charged that intent could not be presumed but could be inferred from the acts of the accused, thus highlighting for the jury that it could find an inceptive intent to commit, or absence of intent to commit, *armed* robbery by the use of a deadly weapon. There was no objection to this charge nor request for further charge on the subject.

Appellant Thomas now complains that by failing to inform the jury the difference between robbery and armed robbery, the jury could have returned a verdict of attempted armed robbery based upon a finding of attempted robbery.

We find no merit in this contention. Neither Thomas nor Abbott contended that they entered the store for innocent purposes. There was no evidence that any attempt was made to force the victim to give up his money short of the demand supported by the active use of the razor knife. Even though Thomas denied seeing the knife used by Abbott (he does not deny that the weapon was used), there was at least circumstantial evidence that Thomas was aware that Abbott possessed the knife prior to their entrance to the store. Thomas did not seek an instruction of separate intents by the wielder of the knife and himself. The trial court properly charged that intent to use the knife (i.e., armed robbery) could be inferred from its intentional use and that the intent of one robber could be attributed to the other who aided the first in the attempted robbery. We find the charge fully adjusted to the evidence and in no wise misleading. There being no evidence giving rise to a charge on a lesser state of mind, the trial court did not err in not giving the explanatory charge (*Loar v. State*, 142 Ga. App. 875 (1) (237 SE2d 237)) especially where there was no request for such a charge and no objection voiced to that omission.

*Pitts v. State*, 141 Ga. App. 845 (3) (234 SE2d 682).

2. Thomas also contends the trial court erred in charging on the theory of conspiracy as a part of its recharge when such an issue had not been raised by the State nor such a charge requested by the State.

There is no merit to this enumeration. Conspiracy may be established by inference, as a deduction from acts and conduct establishing a common design to act together for the accomplishment of an unlawful purpose. *Hart v. State*, 139 Ga. App. 791, 792 (229 SE2d 673). Where the evidence tends to show a conspiracy, a charge upon the subject is not error even if it is not alleged in the indictment. *Montgomery v. State*, 128 Ga. App. 116, 117 (3) (195 SE2d 784).

3. In his last enumeration of error, Thomas argues the weight of the evidence is against his conviction for criminal attempt to commit armed robbery. On appeal to this court, our review is restricted to the legal sufficiency of the evidence, not the weight of the evidence. *Strong v. State*, 232 Ga. 294, 298 (206 SE2d 461). It is our duty on appeal to determine whether the verdict rendered can be sustained under the appropriate standards. *Ingram v. State*, 204 Ga. 164, 184 (48 SE2d 891). Our review of the evidence presented to the jury convinces us that any reasonable trier of fact rationally could find proof of guilt of attempted armed robbery beyond reasonable doubt. *Baldwin v. State*, 153 Ga. App. 35, 37 (264 SE2d 528).

## Case No. 68594 (Abbott)

1. Appellant Abbott urges as his first enumeration that the State failed to establish that the razor knife used by him was a "deadly weapon."

We disagree. There was evidence that Abbott used a device seen by the victim (and shown to the jury) sufficiently dangerous to cause the victim to fear for his very life and sufficient to slice through the victim's clothing and require emergency medical attention to staunch the flow of blood from a wound in his side caused by the device. Whether an instrument used constitutes a deadly weapon properly is a matter for a jury's determination. *Quarles v. State*, 130 Ga. App. 756, 757 (204 SE2d 467). A jury may find an instrument to be a deadly weapon based upon the manner and means of its use. *Craft v. State*, 158 Ga. App. 745, 746 (282 SE2d 203). Under the facts of this case there was ample evidence to support the determination that the weapon used was a "deadly weapon." See *Adsitt v. State*, 248 Ga. 237, 240 (282 SE2d 305).

2. In his second and third enumerations of error, Abbott argues that the State improperly was allowed to call a witness to testify as to the taking of a fingerprint from a beer bottle handled by Abbott and

found at the scene inasmuch as the State had not disclosed the name of the witness in spite of a demand for a list of witnesses.

Pretermitting the question of error (there was evidence the fingerprint was taken in the regular course of the investigation and submitted properly to the crime lab for identification), we find the evidence to be wholly cumulative and harmless. Both Abbott and Thomas were unequivocally identified by the manager and the young employee as being the persons in the store and as the ones who inflicted the injuries upon the victim and attempted to rob the store manager. Totally disregarding the fingerprint evidence, the jury was presented with compelling evidence as to Abbott's identity and complicity. Even if there was error, we find that error to be harmless. Injury as well as error must be shown by one who claims irreparable prejudice and this must be shown on the record. *Kitchens v. State*, 134 Ga. App. 81 (213 SE2d 180). See also *Glass v. State*, 235 Ga. 17 (218 SE2d 776). These two enumerations are without substantial merit.

*Judgments affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 10, 1984.

*C. Theodore Lee*, for appellant (case no. 68593).
*C. David Mecklin, Jr.*, for appellant (case no. 68594).
*Arthur E. Mallory III, District Attorney, William G. Hamrick, Jr., Assistant District Attorney*, for appellee.