A90A0133. DUKES v. THE STATE.
(395 SE2d 263)

BIRDSONG, Judge.

Tony Dukes appeals his conviction by a jury of violating the Georgia Controlled Substances Act by unlawfully having in his possession more than one ounce of marijuana. He was sentenced to five years in the penitentiary.

He contends the trial court erred by denying his motion for a directed verdict of acquittal because there was no proof of his actual or constructive possession of the marijuana, and the trial court erred by not charging the jury on the law of handwriting evidence after the State made handwriting evidence an issue in closing argument. *Held*:

1. The evidence of record shows that acting on a report of a reliable informant, the sheriff's department secured a warrant to search a house that they believed to be Dukes' residence. When the warrant was executed, no one was home, but when inside, the authorities found mail, including cancelled checks, telephone bills, and other papers addressed to Dukes, and male clothing. In their search, the deputy sheriffs found no evidence showing that anyone other than Dukes lived there.

Dukes' motion for a directed verdict of acquittal contended that this evidence was insufficient to prove that he had actual or construc-

tive possession of the marijuana, and thus the motion for a directed verdict of acquittal should be granted.

The standard to be applied in deciding a motion for a directed verdict of acquittal is whether there was any conflict in the evidence and the evidence with all reasonable deductions and inferences therefrom demanded a verdict of acquittal. OCGA § 17-9-1 (a). Obviously, it is not error to deny a motion for a directed verdict of acquittal when a rational trier of fact, viewing the evidence in a light most favorable to the State, could have found the essential elements of the crime beyond a reasonable doubt. *Gaily v. State*, 181 Ga. App. 906, 907 (354 SE2d 442). Because of Dukes' property in the house, it cannot be said that there was no conflict in the evidence and that the evidence demanded a verdict of acquittal. Accordingly, the trial court did not err by denying the motion. See *Conger v. State*, 250 Ga. 867, 870 (301 SE2d 878).

2. Dukes also contends that the trial court "erred in not charging the jury on the law of handwriting evidence after the State made handwriting evidence an issue in its closing argument." The transcript shows that after the prosecutor invited the jury to compare the handwriting on certain defense exhibits and to take that into consideration when reviewing the evidence, defense counsel interrupted and stated: "I want to place my objection on the record, and I will ask for my necessary motion after she has got through." The transcript also shows that after the jury was charged, the defense continued argument on this point, but the record does not show that defense counsel at any time made a motion for mistrial, requested that the trial court charge the jury on the issue it now raises, or even suggested what charge on this issue might be warranted.

We find no error below. The prosecutor's argument was suggested by the evidence (see *Durden v. State*, 250 Ga. 325, 329-330 (297 SE2d 237); *Brooks v. State*, 191 Ga. App. 705 (382 SE2d 432)), and Dukes failed to request the charge about which he now complains. See OCGA § 5-5-24 (b); *Spear v. State*, 230 Ga. 74, 75 (195 SE2d 397). Further, as the transcript shows that Dukes did not move for a mistrial or seek other corrective action, he cannot complain that the trial court did not go beyond the relief requested. *Hall v. State*, 180 Ga. App. 881, 883 (350 SE2d 801).

3. Moreover, the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that Dukes was guilty of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED MAY 29, 1990.

*Hasty & Wingo, Lee R. Hasty*, for appellant.
*William G. Hamrick, Jr., District Attorney, Monique F. Kirby, Assistant District Attorney*, for appellee.