A90A1369. LASTER v. THE STATE.
(397 SE2d 191)

BIRDSONG, Judge.

Appellant, Harold James Laster, appeals his conviction for kidnapping, theft by taking, armed robbery and escape.

After closing the Big Star Grocery, the night manager entered his automobile and thereafter was forced at gunpoint by appellant to drive around the area. The manager was forced to stop the car, and a co-accomplice of appellant got in the front seat. Subsequently, the manager was forced to return and re-enter the grocery store and to open the safe. The perpetrators took about $5,000 from the safe, and departed the area in the manager's car. *Held*:

1. Appellant asserts that the trial court erred by overruling his motion for continuance. The record reflects that appellant's motion for continuance was made on two grounds: "the inability . . . to contact counsel" and appellant's belief that "counsel is not prepared to pursue the case." Appellant requested that the services of his counsel be terminated, and that another counsel be appointed who would be better prepared for trial. At no point in the tendering of the motion did appellant's counsel state in his place that he was in fact unprepared to go to trial or that he was unable to adequately represent appellant. Counsel was appointed in October 1983, and trial was held in June 1984. Following appellant's arraignment, he had met briefly with counsel and "discussed the facts of the case." Appellant was subsequently transferred from the trial forum area to the State Prison at Reidsville, and it is asserted that appellant did not receive the letter sent to him by his counsel. According to the disclosure of counsel, appellant "has maintained the defense of alibi."

Counsel for Willie Clarence Mays also filed a motion for continuance, and expressly argued that the motion was not to obtain delay but to "secure any alibi witnesses," and that under the circumstances of his appointment "it is impossible to adequately prepare the case." No similar assertions were expressly made by appellant's counsel. See generally OCGA § 17-8-25.

The record further reflects that following a conversation with Mays' counsel and because appellant's counsel had just been appointed, the prosecution "had to continue" the case from October

1983 to February 1984, and that when the case came up in February, "there was another problem that necessitated a continuance."

Appellant had been back in the county before trial "since one week ago," and appellant's attorney had spoken with the prosecutor about the case on "a number of occasions." Moreover, appellant has not made an adequate showing that he initiated any attempt to contact his attorney at anytime during his incarceration. See generally OCGA § 17-8-20.

At the outset we find that "[w]hile an indigent defendant accused of a crime for which imprisonment is possible is entitled to have reasonably effective counsel provided to assist him, he is not entitled to counsel of his own choosing. [Cit.] A request by an indigent criminal defendant to discharge one court-appointed counsel and have another substituted in his place addresses itself to the sound discretion of the trial court." *Durham v. State*, 185 Ga. App. 163, 164 (1) (363 SE2d 607).

" 'The refusal of a motion to continue will not be reversed unless it is manifest that there has been an abuse of discretion on the part of the trial judge.' " *Raines v. State*, 186 Ga. App. 239, 240 (1) (366 SE2d 841); see *Plemons v. State*, 155 Ga. App. 447 (5) (C) (270 SE2d 836); see also *Parker v. State*, 81 Ga. 332 (2) (6 SE 600). We are satisfied that in this instance the trial court did not breach its discretion either in refusing to discharge appellant's appointed counsel and to appoint a new counsel or in refusing to grant the requested continuance.

2. Appellant asserts that "[t]he trial court erred in charging the jury as to the issue of conspiracy when no request to charge same was made by the [prosecutor]." But see *Brennon v. State*, 191 Ga. App. 720 (1) (382 SE2d 682); *Thomas v. State*, 172 Ga. App. 70 (2) (321 SE2d 808).

Following the charge to the court, the trial court inquired whether counsel had any objections or exceptions to the charges. Both counsel for Mays and the prosecutor replied in the negative. Appellant's counsel, however, stated, "I have *one* objection to the [c]harge on the admissibility of the evidence regarding the state of mind or means of modus operandi. That relates back to our previous objection." (Emphasis supplied.) Appellant's counsel neither objected to the charge on conspiracy nor elected, in lieu of making objections at that time, to reserve his right to object on motion for new trial or on appeal.

"If the trial court asks whether or not there are any objections to the charge, counsel must *either* state his objections *or* reserve his right to object on motion for new trial or on appeal." (Emphasis supplied.) *Pruitt v. State*, 258 Ga. 583, 590 (14) (373 SE2d 192). An appellant cannot elect to object at trial to some of the charges and re-

serve his right to object to additional charges later. When asked if he has any objections by the trial court, appellant either must make all of his objections immediately or else he must reserve his right to object until later. He cannot do both. See *Pruitt*, supra. In this case, however, appellant made no attempt to reserve his right to object, and he did not make a timely objection to the charge on conspiracy. "In the absence of an objection to the alleged improper charge or reservation of the right to object, the asserted error is waived." *Jones v. State*, 181 Ga. App. 651, 654 (2) (353 SE2d 593); compare *Slaughter v. State*, 257 Ga. 104 (3) (355 SE2d 660).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 11, 1990.

*Mullins & Whalen, Harold A. Sturdivant*, for appellant.

*W. Fletcher Sams, District Attorney, William T. McBroom III, Assistant District Attorney*, for appellee.