A91A1625. KING v. THE STATE.
(416 SE2d 842)

COOPER, Judge.

Appellant was tried by a jury and convicted of trafficking in cocaine, a violation of the Georgia Controlled Substances Act. His motion for new trial was denied, and this appeal follows.

The evidence adduced at trial reflects that on June 24, 1989, an agent with the Georgia Bureau of Investigation received the following information from a confidential informant: that on that day an automobile with a Florida license tag was going to be travelling through Banks County, Georgia; that the occupants of that automobile would be a black male and black female; that at approximately 1:30 p.m., the occupants of the Florida car would arrive at the country store on

Highway 63, where they would meet a late model yellow Buick occupied by two black males, one of whom was the confidential informant; and that the Florida car would be carrying a large quantity of cocaine. Based on the information given by the confidential informant, the GBI along with local law enforcement officers began surveillance of the country store. At approximately 1:32 p.m., a yellow late model Buick occupied by two black males, one of whom was the confidential informant, arrived at the country store. The driver of the Buick waited at the store for a few minutes before he left and headed north on Highway 63 toward I-85. The GBI agent followed the Buick for about a mile, and after about a mile, he saw the driver of a white car travelling south wave at the Buick. The driver of the Buick made a U-turn and began to follow the white car. When the agent turned his car around to continue following the Buick, he saw that the white car had a Florida tag and was occupied by a black male and a black female. The agent radioed ahead to other officers, who stopped the white car. Appellant was driving the white car, and upon request, he consented to a search of the car by the officers. The woman in the car, Deloise Glasper ("Glasper") exited the passenger side of the car and took her purse which had been on the floorboard of the car. The agent noticed that Glasper clutched the purse close to her side as she exited the car. The agent asked Glasper twice if he could search her purse and instead of responding, Glasper looked at appellant. When the officer asked a third time for permission to search the purse, Glasper again looked at appellant, and appellant stated that he did not care. Glasper then allowed the agent to search the purse which revealed a clear plastic bag containing suspected cocaine. Tests subsequently performed on the substance revealed the presence of 263 grams of cocaine with a purity of 41 percent. Appellant and Glasper were indicted jointly for trafficking in cocaine. Glasper entered a plea of guilty prior to appellant's trial. Appellant testified and denied any knowledge of the drugs found in Glasper's purse; however, the State called Glasper in rebuttal and she testified that appellant gave her the cocaine to put in her purse.

1. Appellant first contends that the information provided by the confidential informant did not provide the officers with probable cause to search the vehicle; therefore, the trial court erred in denying his motion to suppress the fruits of that search. Appellant erroneously argues that the officers needed probable cause before conducting a search of his vehicle. " ' "We have repeatedly held that an authorized officer may stop an automobile and conduct a limited investigative inquiry of its occupants, without probable cause, if he has 'reasonable' grounds for such action. . . . [Cit.]" *Stiggers v. State*, 151 Ga. App. 546 (1) (260 SE2d 413) (1979). The record does not contain a transcript from the hearing on the motion to suppress. However, the testi-

mony at trial discloses that the officers had a reasonable articulable suspicion which justified a stop of the vehicle to investigate the circumstances. *Walton v. State*, 194 Ga. App. 490 (2) (390 SE2d 896) (1990). Following the stop of the vehicle, there was a valid consent for the search of the vehicle and the purse, and we find no error in the denial of the motion to suppress. "Further, we must assume, absent the availability to us of whatever material the court considered while hearing evidence on the motion, that the court properly exercised its judgment and discretion in denying appellant's motion to suppress. [Cit.]" *Fudge v. State*, 184 Ga. App. 590 (1) (362 SE2d 147) (1987).

2. In his second enumeration of error, appellant contends that the trial court erred in admitting evidence of his bad character. In response to the prosecutor's questions about whether he knew the price of crack cocaine, appellant made the following statement. "I don't smoke marijuana. I don't snort, shoot, or base no cocaine." The trial court ruled that appellant had placed his character in issue and allowed the prosecutor to cross-examine appellant about a prior conviction involving drugs. "Although we agree that [appellant] did not put his character into issue within the meaning of OCGA § 24-9-20 (b), it was proper to allow evidence of his prior drug possession charge to disprove his [statements] that he did not use drugs." *Sanders v. State*, 199 Ga. App. 671 (3) (405 SE2d 727) (1991). The prosecutor's questioning of appellant regarding his prior conviction went no farther than necessary to rebut appellant's unsolicited denial of drug use, and we find no error. See *Beauchene v. State*, 194 Ga. App. 222 (2a) (390 SE2d 116) (1990). Appellant also contends that the trial court erred in allowing one of the State's witnesses to testify as to a prior armed robbery conviction of appellant. When Glasper was asked whether she had ever served time in prison, she responded that she had served time with appellant for armed robbery. The witness' nonresponsive answer to the prosecutor's question, although negatively impacting on appellant's character, did not improperly place his character in issue. See *Jones v. State*, 257 Ga. 753, 759 (363 SE2d 529) (1988).

3. Appellant contends in his third enumeration of error that the trial court erred in denying his motion for directed verdict made at the close of the State's case. The trafficking statute in effect at the time of appellant's arrest authorized a conviction for trafficking upon proof of either actual or constructive possession of 28 or more grams of cocaine. See OCGA § 16-13-31 (a) (1) as amended by Ga. L. 1988, p. 420, § 2. See also *White v. State*, 196 Ga. App. 813 (4) (397 SE2d 299) (1990). " 'A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a

thing is then in constructive possession of it.' [Cits.]" *Lockwood v. State*, 257 Ga. 796, 797 (364 SE2d 574) (1988). The arresting officer testified that he asked Glasper three times if he could search her purse, and Glasper would not respond, but looked at appellant as if to say "What do you want me to say?" It was when appellant responded that he did not care that Glasper allowed the search. The search of the purse also revealed a Pac-tel beeper receipt in appellant's name and an address book designating appellant as the owner of the book. Based on the above facts, we find that there was some evidence from which a jury could conclude that appellant had constructive possession of the contents of Glasper's purse. "[I]t is not error to deny a motion for directed verdict of acquittal when a rational trier of fact, viewing the evidence in a light most favorable to the State, could have found the essential elements of the crime beyond a reasonable doubt. [Cit.]" *Dukes v. State*, 195 Ga. App. 776 (1) (395 SE2d 263) (1990).

4. In his final enumeration of error, appellant contends that the trial court erred in charging the jury that any person "who is knowingly in actual possession of 28 grams or more of cocaine or any mixture with a purity of ten percent or more of cocaine commits the offense of trafficking in cocaine." Appellant argues that the charge was an incorrect statement of the law and did not adequately inform the jury on what constituted possession. The record reflects that following the trial court's charge, appellant's counsel objected to the trial court's failure to give certain charges. However, appellant's counsel did not object to the charge now complained of or to the trial court's failure to charge on what constitutes possession. Appellant cannot object to some charges and reserve his right to object to other charges. *Laster v. State*, 196 Ga. App. 854 (2) (397 SE2d 191) (1990). " 'In the absence of an objection to the alleged improper charge or reservation of the right to object, the asserted error is waived.' [Cits.]" *Laster*, supra at 856.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MARCH 10, 1992.

*Jerry C. Gray*, for appellant.
*Timothy G. Madison, District Attorney*, for appellee.