## A98A1247. BALL v. THE STATE.
### (506 SE2d 149)

RUFFIN, Judge.

A jury found Timothy Ball guilty of operating a motor vehicle after having been declared an habitual violator (Count 1) and failing to obey a traffic control device (Count 2). The trial court sentenced Ball to five years incarceration on Count 1 and twelve months on Count 2, to be served concurrently. In the sentencing hearing, the trial court treated Ball as a recidivist under OCGA § 17-10-7 and declared that he would not be eligible for parole. Ball did not directly appeal, but was granted an out-of-time appeal in a habeas corpus proceeding. In this appeal, Ball asserts (1) he received ineffective assistance of counsel and (2) the trial court improperly determined that he was a repeat offender not entitled to parole. For reasons which follow, we affirm Ball's conviction, but vacate his sentence and remand this case to the trial court for resentencing.

1. Ball contends that he received ineffective assistance of counsel. The record shows that Ball's trial counsel did not file a motion for new trial. Likewise, his current attorney did not file a motion for new trial after obtaining the order granting Ball an out-of-time appeal. Thus, the ineffective assistance of counsel issue has never been considered or ruled upon by the trial court. In *Ponder v. State*, 260 Ga. 840 (400 SE2d 922) (1991), the Supreme Court of Georgia held: "[T]he grant of an out-of-time appeal constitutes permission to pursue appropriate post-conviction remedies, including a motion for new trial. It follows from that holding and from the requirement that a claim of ineffective assistance of counsel be determined by means of an evidentiary hearing at the earliest practicable moment, that a claim of ineffective assistance of counsel may not be asserted in an out-of-time appeal unless appellate counsel pursues a motion for new trial, subsequent to the grant of the out-of-time appeal, in which the issue is raised and resolved by means of an evidentiary hearing. [Cit.]" Id. at 841-842. We find that Ball waived his ineffective assistance of counsel argument "by failing to raise it at the earliest practicable opportunity." *Herndon v. State*, 232 Ga. App. 129, 133 (3) (499 SE2d 918) (1998).

2. In his remaining enumeration of error, Ball contends that the

trial court improperly sentenced him as a recidivist not entitled to parole. During Ball's sentence hearing, the State produced evidence that Ball had two previous habitual violator felony convictions. When sentencing Ball, the trial judge stated: "this sentence is entered under the Act for Sentencing Habitual Offenders. You are now a three time convicted felon and you will be required by law to serve the maximum permitted without the benefit of parole. This is under 17-10-7 for sentencing of habitual criminals." The final disposition signed by the trial court provides: "this sentence is imposed under the recidivist provision of OCGA § 17-10-7 (b)."

The trial court erred in sentencing Ball as a recidivist under OCGA § 17-10-7 (b). This subsection only authorizes recidivist sentencing for a repeat "serious violent felony" offender. The record in this case shows that Ball's habitual violator convictions do not fall within the definition of "serious violent felony." OCGA §§ 17-10-7 (b); 17-10-6.1 (a). Likewise, the trial court could not sentence Ball under OCGA § 17-10-7 (c), which also disallows parole, because this subsection applies only after a fourth felony conviction. OCGA § 17-10-7 (c).

The trial court could only have sentenced Ball as a recidivist under OCGA § 17-10-7 (a) which requires the trial court to impose the longest sentence prescribed for a second felony offense. However, unlike subsections (b) and (c), "the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense" when imposing a sentence under OCGA § 17-10-7 (a). Because the trial court was not authorized to sentence Ball under OCGA § 17-10-7 (b) and apparently believed it did not have any discretion when sentencing Ball, we vacate Ball's sentence and remand this case to the trial court to resentence Ball under OCGA § 17-10-7 (a). *Walton v. State*, 217 Ga. App. 11, 13 (5) (456 SE2d 289) (1995).

*Conviction affirmed, sentence vacated and case remanded with direction. Pope, P. J., and Beasley, J., concur.*

DECIDED AUGUST 13, 1998.

*Richard W. Watkins, Jr.*, for appellant.
*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.