## A99A0268. MAYS v. THE STATE.
(519 SE2d 290)

BARNES, Judge.

Willie Clarence Mays was tried in 1984 and convicted of kidnapping, theft by taking, armed robbery, and escape. Although Mays filed a timely motion for new trial, for reasons apparently caused by his original defense counsel, the motion was never heard and was dismissed upon the prosecution's motion. Thirteen years later, the court considering Mays' habeas corpus petition determined in 1997 that Mays was denied his right to appeal his conviction because of the ineffective assistance of counsel and remanded the case to the trial court for appointment of counsel, if warranted, and an out-of-time appeal.

After new counsel was appointed, Mays filed a motion for new trial or in the alternative for leave to file an out-of-time appeal. This motion, however, did not assert that Mays was denied the effective assistance of counsel during the trial of his case. Although a new trial was denied, permission for an out-of-time appeal was granted. Thereafter, Mays filed a notice of appeal and did not file a motion for new trial challenging the effectiveness of his defense counsel during the trial.

In this appeal, Mays contends the trial court erred by admitting testimony from the victim of a prior robbery and kidnapping, by admitting a photo lineup in evidence, by denying his motion to sever his case from his co-defendant's, by denying his motion for a continuance, and by denying his motion for a new trial. He also alleges that he was denied the effective assistance of counsel. We find no merit in these contentions and affirm.

Viewed most favorably to the guilty verdict, the evidence shows that the manager of a grocery store was abducted at gunpoint by Mays' co-defendant from the parking lot of the store and forced to drive around the area until they stopped to pick up Mays. After Mays took the manager's watch and ring, the manager was forced to return

to the store and open the safe. While Mays' co-defendant took about $5,000 from the safe, Mays tied up the manager with tape. The manager was left at the store, and the robbers drove off in the manager's car. During the trial, the manager positively identified Mays as one of the robbers.

Sheriff's deputies from the jail testified that while he was lawfully confined pursuant to the sentence for an earlier armed robbery and kidnapping, Mays escaped from jail. Also, while testifying Mays admitted that he escaped from the jail. For additional information see *Laster v. State*, 196 Ga. App. 854 (397 SE2d 191) (1990), which affirms the conviction of Mays' co-defendant.

1. Although Mays alleges that his trial defense counsel was ineffective, we cannot consider that claim because it was not raised at the earliest practicable moment. See *Smith v. State*, 255 Ga. 654 (341 SE2d 5) (1986).

> [T]he proceeding in which an out-of-time appeal is sought is the proper time to raise the issue of ineffective assistance of counsel. When an out-of-time appeal is sought by means of a motion in the trial court, allegations of ineffective assistance of counsel are germane only insofar as they involve the denial of the defendant's right to appeal, that being the only issue before the trial court. Should the trial court grant the motion, however, the allegations of ineffectiveness become germane to whatever post-conviction relief is sought. . . . [T]he grant of an out-of-time appeal constitutes permission to pursue appropriate post-conviction remedies, including a motion for new trial. It follows from that holding and from the requirement that a claim of ineffective assistance of counsel be determined by means of an evidentiary hearing at the earliest practicable moment, that a claim of ineffective assistance of counsel may not be asserted in an out-of-time appeal unless appellate counsel pursues a motion for new trial, subsequent to the grant of the out-of-time appeal, in which the issue is raised and resolved by means of an evidentiary hearing.

*Ponder v. State*, 260 Ga. 840, 841-842 (400 SE2d 922) (1991). Accordingly, as Mays did not raise the ineffectiveness of his trial defense counsel in the trial court during the proceedings concerning his out-of-time appeal, the issue is waived. *Ball v. State*, 233 Ga. App. 859 (1) (506 SE2d 149) (1998).

2. Mays also contends the trial court erred by admitting in evidence the testimony of the victim of an earlier armed robbery and kidnapping of which Mays was convicted. He contends this testimony

improperly placed his character in issue so as to prejudice the jury against him and also contends there was no compliance with the procedural safeguards required in these cases.

Since this trial was held well before the effective date of Uniform Superior Court Rule 31 and the announcement of the protections set forth in *Stephens v. State*, 261 Ga. 467, 468-469 (6) (405 SE2d 483) (1991), and *Williams v. State*, 261 Ga. 640, 642 (2) (409 SE2d 649) (1991), those procedures could not apply to this case. Thus, Mays' reliance on those authorities is misplaced.

Mays further contends that the prejudicial nature of this testimony outweighs its probative value. We disagree. First, this evidence was admitted to show that Mays was lawfully confined when he escaped and also to show that he committed the armed robbery and kidnapping for which he was incarcerated. Thus, this evidence is not rendered inadmissible merely because it also may have incidentally placed Mays' character in issue. *Greer v. State*, 199 Ga. App. 106, 107 (1) (403 SE2d 825) (1991). "Proof of crimes which *are* similar or *are* closely connected to the crime charged *does* tend to establish the crime charged." (Emphasis in original.) *State v. Johnson*, 246 Ga. 654, 655 (272 SE2d 321) (1980); *King v. State*, 230 Ga. App. 301, 303 (1) (496 SE2d 312) (1998).

Mays also argues that evidence of the earlier transaction should not have been admitted because the crimes were not unique. The test for admissibility of evidence of other criminal acts, however, is not the number of similarities between the two, but rather whether the evidence is to be admitted for some purpose other than to show a probability that Mays committed the crime on trial because he is a man of criminal character. *Maggard v. State*, 259 Ga. 291, 293 (2) (380 SE2d 259) (1989).

Because the evidence of Mays' participation in the previous armed robbery and kidnapping and the manner in which that crime was committed was relevant to show that Mays was guilty of this armed robbery and kidnapping as well as to establish an element of the escape charge, the trial court did not err by admitting this evidence.

3. Mays further contends the trial court erred by admitting the photographs of his photo lineup in evidence because they were unnecessarily suggestive. Pretermitting whether it was error to admit copies of all the photographs used in the photo lineup into evidence, we find that doing so was harmless because Mays did not object to the witness's in-court identification of him and did not object to the witness's testimony that he identified Mays from the photographs in the photo lineup. Under these circumstances, introducing copies of the photographs was harmless. See *Scott v. State*, 206 Ga. App. 23, 26 (1) (c) (424 SE2d 328) (1992).

4. Mays' allegation that the trial court erred by denying his motion for a new trial is without merit. The test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), is the appropriate one to use when the denial of a motion for new trial is challenged because of the alleged insufficiency of the evidence. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984). Accordingly, based upon the evidence discussed above, we conclude that a rational trier of fact could have found Mays guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, supra.

5. The trial court did not err by denying Mays' motion to sever his trial from that of his co-defendant. Mays' argument was that he was innocent of these crimes and he intended to defend himself against these charges as vigorously as the law permitted; evidence might be admitted at a joint trial which would not be admitted if he were tried separately; and he would receive a fairer and more impartial trial if he were tried alone.

Whether to grant a severance motion is within the discretion of the trial court. *Freeman v. State*, 205 Ga. App. 112 (421 SE2d 308) (1992). To be entitled to a severance, Mays was required to do more than raise the possibility that a separate trial would have given him a better chance of obtaining an acquittal. He was required to make a clear showing of prejudice sufficient to establish a denial of due process. *Barnett v. State*, 204 Ga. App. 491, 495 (2) (b) (420 SE2d 43) (1992); *Emmett v. State*, 199 Ga. App. 650, 652 (4) (405 SE2d 707) (1991). As he failed to make such a showing, the trial court did not abuse its discretion by denying a severance.

6. Finally, Mays contends the trial court erred by denying his motion for a continuance. The motion, made the morning the trial was to commence, asserted that defense counsel was unable to properly prepare for trial because of limited contact with Mays and his inability to contact potential alibi witnesses. Applications for continuance are addressed to the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. OCGA § 17-8-22; *Murphy v. State*, 212 Ga. App. 153, 155 (3) (442 SE2d 2) (1994). Further, Mays was obliged to show that he used due diligence before he would be entitled to a continuance. OCGA § 17-8-20.

Based on Mays' limited showing in support of his motion and the facts that defense counsel had been appointed months earlier and two earlier continuances had been granted (see *Laster*, 196 Ga. App. at 854), we cannot say the trial court abused its discretion in denying a motion for continuance made the day of trial. Id. at 855 (1).

*Judgment affirmed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 10, 1999.

*Daniel L. Britt, Jr.*, for appellant.
*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.